IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JUAN MANUEL MATA, § § Plaintiff, § VS. § DICKINSON POLICE DEPARTMENT, et al, § § Defendants. § | CIVIL ACTION NO. 3:13-CV-396 |

## ORDER OF DISMISSAL

Plaintiff Juan Manuel Mata has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). Before it was assigned to the undersigned judge, this case was stayed by Judge Hoyt at the defendants' request because it overlapped with a criminal prosecution arising from the same incident (Dkt. 27), that incident being Mata's arrest by one of the defendants (Dkt. 10 at p. 1). During the criminal prosecution, Mata was convicted of assault on a public servant (Dkt. 29-4). The Fourteenth Court of Appeals of Texas affirmed that conviction (Dkt. 29-6) and denied Mata's motion for rehearing. *See* Fourteenth Court of Appeals of Texas Case Number 14-16-00194-CR. Mata did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

A court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031–32 (5th Cir. 1998). "This authority flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,*

756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). In his stay order, Judge Hoyt advised Mata that, if he wished to reopen this case, he had to file a motion to reinstate within 30 days of the conclusion of his criminal prosecution. Mata has not done so and has not contacted the Court in any way since this case was stayed three years ago—a period during which the defendants have filed two motions to lift the stay and dismiss the case (Dkt. 28 and Dkt. 29). Mata's failure to respond to the defendants' motions to dismiss also constituted a violation of a court order, as Judge Costa ordered Mata to respond to any dispositive motion within 30 days of his being served with it (Dkt. 11 at p. 2). More fundamentally, Mata has shown no desire to continue pursuing this case, and the Court will now dismiss it.

Based on the foregoing, the Court **ORDERS** as follows:

1. The stay instituted by Judge Hoyt is **LIFTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

This is a **FINAL JUDGMENT**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on November 14, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE